IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS,<br><br>    Plaintiff,<br><br>  v.<br><br>DOES 1-53,<br><br>    Defendant.<br>_____/ | No. C-11-2330 EDL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REVISED APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

    Plaintiff Hard Drive Productions, which produces, markets and distributes adult entertainment products, has filed this lawsuit against fifty-three Doe defendants alleging copyright infringement. Plaintiff alleges that the Doe defendants have reproduced, distributed and publicly displayed Plaintiff's copyrighted materials through a peer-to-peer sharing network. Plaintiff does not know the names of the Doe defendants, but has identified each defendant by a unique Internet Protocol address assigned to that defendant and the date and time of the each defendant's allegedly infringing activity.

    On April 25, 2011, Plaintiff filed an Application for Leave to Take Expedited Discovery, seeking a court order for leave to serve immediate discovery on various Internet Service Providers (ISPs) to identify each defendant through service of a Federal Rule of Civil Procedure 45 subpoena seeking the true name, address, telephone number, e-mail address and Media Access Control address of the subscribers assigned to each IP addresses that Plaintiff has identified. This Court denied the application without prejudice due to an inadequate showing that the Defendants were properly joined. Plaintiff subsequently filed a Revised Application on June 16, 2011.

    Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery

"for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d).

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). For leave to conduct discovery to identify a Doe defendant, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information. Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal.1999).

Based on Plaintiff's revised *ex parte* application and the revised declaration of Peter Hansmeier in support, the first, second and fourth factors of this test have been met but Plaintiff still has not established that the complaint could survive a motion to dismiss based on improper joinder to satisfy the third factor of this test. From Plaintiff's revised discussion of joinder, explaining in somewhat more detail how the BitTorrent protocol differs from older P2P technologies, it appears that joinder would likely be proper if Defendants engaged in a common swarm to download the same file. However, it is unclear from the revised application, as well as from the supporting Hansmeier Declaration, that all the IP addresses derived from the same swarm. Since a swarm develops around an originally seeded file, it appears that two or more different files of the same copyrighted work could potentially seed two or more different swarms. See Hansmeier Decl. ¶ 9; see also Pacific Century Int'l v. Does 1-101, 2011 U.S. Dist. LEXIS 73837, *12 (N.D. Cal. July 8, 2011) (Ryu, J.) (granting in part plaintiff's ex parte application). Accordingly, even if two users have obtained the same copyrighted work, they could still have independently downloaded their copies in different swarms, each generated by two different seeder files. Joinder of such users who participated in two or more different swarms would be improper. See id.

The revised application, supported by the Hansmeier Declaration, does not make a sufficient showing that all the IP addresses included as Defendants in this action likely participated in one

2

common swarm, as it appears that multiple seeder files of the same copyrighted work could have been available on the network to download. Plaintiff has thus failed to make an adequate showing that joinder of these fifty-three defendants is proper and that the action could survive a motion to dismiss. See Fed. R. Civ. P. 20(a)(2) (joinder is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.").

Accordingly, Plaintiff's Revised Application to Take Expedited Discovery is denied without prejudice to Plaintiff. The Court grants leave to Plaintiff to submit, within one week of this Order, a revised declaration addressing whether or not the Doe Defendants named in this action all participated in a common swarm.

**IT IS SO ORDERED.**

Dated: July 13, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge