Name: Possible John Doe

Email Address: simply_john_doe@yahoo.com

Pro Se

**FILED**

2011 SEP 28  P 3: 07

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS,<br>        Plaintiff, | Civil Action No. 3:11-cv-02330 EDL |
| vs. | MOTION TO QUASH<br>OR MODIFY SUBPOENA |
| DOES 1-53,<br>        Defendants.<br>_____/ | |

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of Steele Hansmeier, these subpoena notifications are followed by demand letters. These letters -- which demand around $2900 to avoid dealing with their lawsuit -- and their phone calls, which are persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

### INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel,

1

Steele Hansmeier is using improper joinders in their mass lawsuits alleging copyright

infringement through BitTorrent. These lawsuits include over twenty-thousand

defendants in the Northern District of Calfornia alone. Steele Hansmeier (Formerly

Steele Law Firm, LLC) also has mass lawsuits in Illinois, including a BitTorrent case

nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, and

in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights
> (something that this court will assume to be the case, given the Complaint's
> allegations that so state), each of those infringements was separate and apart
> from the others. No predicate has been shown for thus combining 300
> separate actions on the cheap — if CP had sued the 300 claimed infringers
> separately for their discrete infringements, the filing fees alone would have
> aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system

"in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash
> a subpoena in this ill-considered lawsuit filed by CP Productions, Inc.
> ("CP") against no fewer than 300 unidentified "Doe" defendants – this one
> seeking the nullification of a February 11, 2011 subpoena issued to Comcast
> Communications, LLC. This Court's February 24, 2011 memorandum
> opinion and order has already sounded the death knell for this action, which
> has abused the litigation system in more than one way. But because the
> aggrieved Doe defendants continue to come out of the woodwork with
> motions to quash, indicating an unawareness of this Court's dismissal of this
> action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at
> 9:00 a.m. Counsel will be expected to discuss what steps should be taken to
> apprise all of the targeted "Doe" defendants that they will not be subject to
> any further trouble or expense as a result of this ill-fated (as well as ill-
> considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe
defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker

writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is
> a fishing expedition by means of a perversion of the purpose of and intent of
> Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*
    In the Northern District of California, these nearly identical BitTorrent cases have

been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case* **4:2011cv02533**
> *(severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865*
> *(severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-*
> *1768)*

    In yet another nearly identical BitTorrent case, filed in the Northern District of

California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*,

Judge Samuel Conti found the same joinder problems, and wrote in his order denying

request for leave to take early discovery, "This Court does not issue fishing licenses;"

And these nearly identical BitTorrent cases in the Northern District of California by the

same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for

improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

ARGUMENT

- **Plaintiff Has Improperly Joined 53 Individual Defendants Based on Entirely**

**Disparate Alleged Acts**


    The Plaintiff's joinder of 53 defendants in this single action is improper and runs

the tremendous risk of creating unfairness and denying individual justice to those sued.

Mass joinder of individuals has been disapproved by federal courts in both the RIAA

cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet
> access was abused by her minor child, while John Doe 2 might share a

3

> computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
>
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008

4

WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist.

LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple

defendants in action where the only connection between them was allegation they used

same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*,

No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)

(magistrate recommended *sua sponte* severance of multiple defendants in action where

only connection between them was allegation they used same ISP and P2P network to

conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004

WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants);

General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al.*

*v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-*

*151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No.

A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704

LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first

defendant in each of four lawsuits against a total of 254 defendants accused of

unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs'

Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26

Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862

(N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants,

permitting discovery as to first Doe defendant but staying case as to remaining Does until

plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based

upon use of the Internet to infringe a single work. While that accurately describes the

facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-53, from the case.

*See* Fed. R. Civ. P. 21.

6

Dated: 09/26/2011                         Respectfully submitted,

                                          _s/John Doe_
                                          John Doe
                                          _Pro se_
                                          simply_john_doe@yahoo.com

7

**CERTIFICATE OF SERVICE**
*Use this form to show that a paper or document (other than a complaint) was served (sent or delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5. A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

**Case name:**  HARD DRIVE PRODUCTIONS VS DOES 1-53

**Case number:**  3:11-cv-02330-EDL

**What document was served?** *(Write the full name or title of the document or documents, e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

Title(s): **DEFENDANT'S MOTION TO QUASH**

**OR MODIFY SUBPOENA**

**How was the document served?** *(Check one.)*
- ☒ Placed in U. S. Mail
- ☐ Sent by fax
- ☐ Hand-delivered
- ☐ Sent by delivery service (e.g., FedEx or UPS)

**To whom was the document sent?** *(Write the full name, address, and fax number of everyone who was sent the document. Usually, they will be the lawyers for the opposing parties.)*

John Steele

Steele Hansmeier PLLC.

161 N Clark St Ste 3200

Chicago, IL 60601

**When were the documents served?** *(When were they mailed, faxed, or delivered?)*

Date: **September 26, 2011**

**Who served the documents?** *(Who put it into the mail, faxed it, hand-delivered it, or sent it by delivery service? That person should print his/her name and address and sign below.)*

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Signature:  John Doe

Printed name: **Possible John Doe**

Address:  **simply_john_doe@yahoo.com**

CERTIFICATE OF SERVICE [VLSP TEMPLATE]

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:11-cv-02330-EDL |
| DOES 1-53 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California          ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  SBC Internet Services DBA AT&T Internet Services, c/o Bart W. Huffman, Cox Smith, bhuffman@coxsmith.com

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Steele Hansmeier, PLLC<br>161 N Clark St. Ste 3200<br>Chicago, IL 60601 | Date and Time:<br><br>10/21/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/05/2011

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ John Steele |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*

Hard Drive Productions , who issues or requests this subpoena, are:

John Steele, Steele Hansmeier PLLC, 161 N Clark St. Ste. 3200, Chicago, IL 60601, jlsteele@wefightpiracy.com, 312-880-9160

| IP Address | Date yyyy-mm-dd (UTC) | Time hh:mm:ss (UTC) |
|---|---|---|
| 68.121.243.43 | 2011-03-18 | 22:17:39 |
| 69.107.107.139 | 2011-03-16 | 19:10:08 |
| 69.228.42.73 | 2011-04-16 | 01:23:06 |
| 69.230.195.11 | 2011-03-19 | 20:17:09 |
| 69.234.28.71 | 2011-04-14 | 00:08:41 |
| 75.30.185.167 | 2011-03-15 | 21:57:38 |
| 75.36.131.150 | 2011-03-15 | 21:49:08 |
| 75.36.234.144 | 2011-04-05 | 12:13:20 |
| 76.246.40.1 | 2011-03-16 | 04:35:26 |
| 76.254.43.129 | 2011-04-19 | 05:10:49 |
| 76.254.44.77 | 2011-04-19 | 09:38:23 |
| 99.28.163.34 | 2011-04-19 | 10:09:54 |
| 99.35.55.250 | 2011-04-17 | 17:50:46 |

1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 HARD DRIVE PRODUCTIONS,          No. C-11-2330 EDL

9          Plaintiff,          **ORDER GRANTING PLAINTIFF LEAVE**

                                    **TO TAKE EARLY DISCOVERY**

10 v.

11 DOES 1-53,

12          Defendant.

                                /

13

14      On May 13, 2011, Plaintiff filed an Application for Leave to Take Expedited Discovery,

15 seeking a court order for leave to serve immediate discovery on various Internet Service Providers

16 (ISPs) to identify each defendant through service of a Federal Rule of Civil Procedure 45 subpoena

17 seeking the true names, addresses, telephone numbers, e-mail addresses and Media Access Control

18 information of subscribers assigned to each of the Internet Protocol ("IP") addresses that Plaintiff

19 has identified. Plaintiff alleges that the Doe Defendants as identified by the IP addresses, have

20 reproduced, distributed and publicly displayed Plaintiff's copyrighted materials through a

21 peer-to-peer sharing network. This Court denied the application without prejudice due to an

22 inadequate showing that the Defendants were properly joined. Plaintiff subsequently filed a Revised

23 Application on June 16, 2011 with an extended discussion on joinder.

24      On July 14, 2011, this Court again denied the application without prejudice because Plaintiff

25 did not make a sufficient showing that the Doe Defendants were participating in a common

26 BitTorrent swarm and a leave was granted for Plaintiff to submit a declaration to remedy the

27 deficiency. Plaintiff then filed its Supplemental Declaration of Peter Hansmeier, confirming that all

28 the Doe Defendants participated in a common swarm because the torrent file shared among the

swarm was identified by a unique file hash. Hansmeier Supp. Decl., ¶ 5.

United States District Court

For the Northern District of California

1     Having considered Plaintiff's Supplemental Declaration of Peter Hansmeier as well as

2 Plaintiff's prior submissions, the Court hereby GRANTS Plaintiff's Revised *Ex Parte* Application

3 on the grounds that Plaintiff has demonstrated good cause to take early discovery. Plaintiff has met

4 the burden of showing that the information requested by the discovery was necessary to effect

5 service on the Doe Defendants, as well as demonstrating a basis for joining the Doe Defendants in

6 this action.

7     Accordingly, IT IS HERE BY ORDERED, that:

8     1. Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the

9     Complaint: Verizon Online, Cox Communications, Comcast Cable Communications, A T & T

10     Internet Services, Charter Communications, and Road Runner to obtain the following

11     information about the subscribers corresponding to the IP addresses: the names, addresses,

12     telephone numbers, email addresses, and Media Access Control information. Each subpoena

13     shall have a copy of this Order attached.

14     2. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the

15     subpoena are served to respond, so that it may have sufficient time to provide notice to the

16     subscribers whose information Plaintiff seeks to obtain.

17     3. Subscribers will have thirty (30) days from the date of notice of the subpoena upon them to

18     file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a

19     contest, the ISPs will have ten (10) days thereafter to produce the information responsive to the

20     subpoena to Plaintiff.

21     4. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of

22     any timely-filed motion to quash.

23     5. Any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff before

24     assessing any charge in advance of providing the information requested in the subpoena. Any

25     ISP that elects to charge for the costs of production shall provide Plaintiff with a billing

26     summary and cost reports.

27     6. Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this

28     Order to the necessary entities.

United States District Court
For the Northern District of California

7. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the Complaint.

   **IT IS SO ORDERED.**

Dated: August 2 ,2011

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3