Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | **No. C-11-02330 EDL** |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S RESPONSE TO** |
| v. ) | **MOVANT'S MOTION TO QUASH** |
| ) | **OR MODIFY SUBPOENA** |
| DOES 1-53, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

An anonymous individual ("Movant") filed a motion to quash an outstanding subpoena issued to Movant's ISP (Motion to Quash or Modify Subpoena, Sept. 28, 2011, ECF No. 20 [hereinafter Motion to Quash].) Movant argues that "Plaintiff's joinder of 53 defendants in this single action is improper . . ." (*Id.* at 3.)

## ARGUMENT

This brief consists of four parts. Part I argues that Movant Motion should be stricken for failure to comply with Rule 11. Part II argues that argues that joinder is proper at this early stage of litigation. Part III argues that the exclusive remedy for misjoinder is severance, and not the quashing of a subpoena. Part IV argues that Movant's Motion is not before the proper court.

///

///

///

## I.    MOVANT'S MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should exercise its inherent power to control its docket and strike Movant's Motion for failure to comply with this essential rule. The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. The Court's esteemed colleagues from other jurisdictions understand this basic point. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John

Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion or order Movant to show cause for why his motion should not be stricken.

## II.      JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Joinder is proper at this early stage of the litigation. Movant argues that "[t]he Plaintiff's joinder of 53 defendants in this single action is improper and runs the tremendous risk of creating unfairness . . ." (Motion to Quash at 3.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Decision] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)).

///

In cases involving multiple parties identified only by their IP addresses it is common for several of the IP addresses to be associated with a single individual. Severance would, therefore, be inappropriate. By way of example, in a case filed by Plaintiff's counsel in the Northern District of Illinois against 28 doe defendant(s), *each* IP address turned out to be associated with the *same* individual. *See First Time Videos, LLC, v. Does 1-28*, 11 C 2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. Had the court there severed the case before the plaintiff had completed early discovery, Plaintiff would have unwittingly filed 28 separate copyright infringement actions against the same anonymous individual. This would have entailed 28 separate filing fees, complaints, civil cover sheets, attorney appearance forms, corporate disclosure statements, motions for expedited discovery, memoranda of law in support thereof, declarations, proposed orders, motion hearings and subpoenas. The responding doe defendant would have received 28 separate ISP notification letters, would have had to file 28 separate motions to quash and answer 28 separate complaints—lest he be subject to a default judgment. Additionally, the actions could have been before nearly all of the judges in the Eastern Division of the Northern District of Illinois and would almost certainly have received some level of inconsistent treatment. No plausible argument can be made that severance would have been appropriate in this real world example. The same is true here.

While joinder rules are ultimately discretionary in nature, this discretion is not without limit. According to the Second Circuit, "an attempt to separate an *essentially unitary problem* is an *abuse of discretion*." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (emphasis added); *see also Leslie*, 2010 WL 2991038 at *4 (citing the abuse of discretion standard set forth in *Spencer, White & Prentis, Inc.*); *Zaldana v. KB Home, et al.*, C 08-3399, 2010 WL 4313777 at *1 (N.D. Cal. Oct. 26, 2010) (Chesney, J.). A severance at this stage of the litigation—particularly in light of the multiple IP addresses per infringer issue present in this case—would involve the separation of a purely unitary problem.

///

///

///

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA          No. C-11-02330 EDL

### III.   THE EXCLUSIVE REMEDY FOR MISJOINDER IS SEVERANCE, NOT THE QUASHING OF A SUBPOENA

Movant asks the Court to quash the subpoenas in this case on the grounds of misjoinder, but he does not explain how misjoinder is grounds for quashing the subpoenas. Fed. R. Civ. P. 21 vests courts with the power to sever cases, but it does not vest courts with the power to quash subpoenas. Instead, this power—and its limits—are set forth in Fed. R. Civ. P. 45.

Movant's only allowable basis for quashing this subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii).   No other 45(c)(3) grounds apply here: this subpoena does not require travel, it does not involve trade secrets or disclosure of an unretained expert's opinion, and undue burden or time for compliance objections properly lie with the subpoenaed party. Fed. R. Civ. P. 45(c)(3); *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (undue burden or inconvenience objections properly lie with the subpoenaed party, and not with the objectors).   And, if Movant is making a claim of privilege or protection, then he must make this claim expressly and describe the nature of the information he seeks to have withheld.  Fed. R. Civ. P. 45(d)(2)(A).

Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers.  *See, e.g.*, *Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000).  As one court reasoned, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003); *See also MCGIP, LLC v. Does 1-18*, No. C-11-1495, 2011 WL 2181620 at *1 (N.D. Cal. June 2, 2011); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) ("[T]he defendants diminished any expectation of privacy they may have had by opening their computer to others through peer-to-peer file sharing.")

The mere severance of a party (or parties) from this case at the early discovery stage does not reduce the relevance of the information sought in the subpoenas. In particular, the information sought will allow Plaintiff to identify the remaining defendant's potential co-conspirators, will allow Plaintiff to more accurately catalog the extent of harm caused by the remaining defendant's infringement and will allow Plaintiff to determine whether any of the severed IP addresses are actually associated with the remaining defendant.

Plaintiff has already demonstrated and this Court agreed that it has "good cause" for seeking the information sought in the subpoenas. The good cause analysis does not change simply because certain doe defendants are severed from the litigation. As described in Plaintiff's original *ex parte* application, Plaintiff has good cause for seeking this information because it is highly relevant to the action, it is under threat of imminent destruction due to finite data retention polices at ISPs and Plaintiff's need for this information outweighs any prejudice to the responding party.

## IV.    MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

The subpoena Movant attaches to the Motion was issued from a court in the Western District of Texas. Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (Ryu) (citing *In re Sealed Case* in concluding the motion to quash fails because it was not filed in the proper court). Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

## CONCLUSION

The Court should deny Movant's motion. Movant has failed to comply with the most basic rules of procedure for bringing a motion. Joinder is proper at this early stage of litigation. The exclusive remedy for misjoinder is severance, and not the quashing of a subpoena. Movant's Motion is not before the proper court.

Respectfully Submitted,

Hard Drive Productions, Inc.

**DATED: October 11, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA          No. C-11-02330 EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>Certificate of Service</u>

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on October 11, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

_____/s/_ Brett L. Gibbs, Esq._____
Brett L. Gibbs, Esq.

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA    No. C-11-02330 EDL